UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANG L BOWER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-02649 |
| | § | |
| BDO USA LLP, | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Pending in the above-referenced cause is Plaintiff Hang L. Bower ("Bower") and Defendant BDO USA, LLP's ("BDO") Joint Motion to Reassign ("Joint Motion"). Doc. 18. Having considered the Motion, rules, relevant law, and related case, the Court denies the Joint Motion.

On August 31, 2016, Bower filed her Complaint in the present case. Doc. 1. In her Complaint, Bower alleges that her employer BDO intentionally discriminated against her on the basis of her race and retaliated against her in violation of 42 U.S.C. § 1981. *Id.* ¶¶ 19–24. Bower alleges that as a result of the discrimination and retaliation she was constructively discharged on January 31, 2014. *Id.* ¶ 24.

After her discharge, Bower filed a charge with the Equal Employment Opportunity Commission ("EEOC"). In connection with the EEOC's investigation of BDO, on July 14, 2015, it issued an administrative subpoena to the company. Order at 1, *EEOC v. BDO, USA, LLP*, Misc. Action No. 4:15-mc-02961 (S.D. Tex. Feb. 11, 2016), ECF No. 17. When the parties failed to come to an agreement on BDO's withholding of 278 documents on the grounds of attorney-client privilege, on December 10, 2015, the EEOC filed an Application for an Order to Show Cause Why an Administrative Subpoena Should Not Be Enforced Against BDO in the United

States District Court for the Southern District of Texas, Houston Division. *Id.*; ECF No. 1. The case was assigned to Judge Sim Lake and Magistrate Judge Nancy Johnson.

According to Bower and BDO, the earlier-filed EEOC case is related to the present case. As the parties state in their Joint Motion, the two cases "raise[] some of the same allegations and issues." Doc. 18 ¶ 3. Accordingly, the parties seek to have this Court "reassign this case to the Honorable Judge Sim Lake." *Id.* at 1. The parties cite no authority and provide no further argument in support of this request.

While the Court understands the parties' rationale for the present Joint Motion, the Court cannot assign a case to another judge simply because the cases are related and the other judge is familiar with the facts and circumstances relevant to both cases. *See Griffin v. ABN AMRO Mortg. Grp., Inc.*, 3:14-CV-00022-GHD, 2014 WL 1056958, at *1 (N.D. Miss. Mar. 17, 2014) (denying request to reassign a related case that did not provide legal support for the request). Indeed, the only reassignment mechanisms the Court is aware of are intended to address alleged partiality on the part of the judge or venue considerations. *See* 28 U.S.C. §§ 144 (addressing reassignment on account of bias or prejudice of judge), 455 (addressing disqualification of judge on partiality grounds), 1404 (addressing transfer to another district or division), 1406 (addressing transfer to another district or division to cure defective venue).

If the parties feel that the relatedness of the cases merits consolidation, they are advised to follow the procedure for consolidation outlined in Local Rule 7.6 by filing a motion to consolidate in the earlier-filed EEOC case. However, as the parties are no doubt aware, that case is currently on appeal, which means that Judge Lake has no jurisdiction to consider such a motion at this time. Nevertheless, if the case is remanded to Judge Lake, the parties may file their motion at that time. In the meantime, and for the foregoing reasons, it is hereby

**ORDERED** that the Joint Motion to Reassign, Doc. 18, is **DENIED**.

SIGNED at Houston, Texas, this 19th day of June, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE